```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ABRAHAM PERLMAN,                                                   :
on behalf of Y.P.,                                                 :
                                                                   :
                              Plaintiff,                           :     24-cv-4503 (LJL)
                                                                   :
                -v-                                                :     OPINION AND ORDER
                                                                   :
COMMISSIONER OF SOCIAL SECURITY,                                   :
                                                                   :
                              Defendant.                           :
                                                                   X
-------------------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

Abraham Perlman ("Plaintiff") brings this action *pro se* on behalf of his son Yochanan Perlman ("Yochanan"), challenging an adverse decision rendered on April 2, 2024 by the Social Security Appeals Council (the "Appeals Council"), which denied Yochanan's application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. Dkt. No. 1. The Commissioner of Social Security ("Defendant") moves to dismiss Plaintiff's complaint or, in the alternative, for summary judgment. Dkt. No. 10.

For the following reasons, the complaint is dismissed without prejudice to file an amended complaint by Monday, November 3, 2025.

## BACKGROUND AND PROCEDURAL HISTORY

In its April 2, 2024 decision, *see* Dkt. No. 1 at 9–15 (the "April 2, 2024 Decision"),[1] the Appeals Council determined that Yochanan was ineligible for SSI payments due to "excess deemed parental resources" for the months of June 2020 through March 2021, May 2021, and August 2021, *id.* at 13. For the months in question, Yochanan was a minor who lived with his

---
[1] Citations to this document use ECF pagination.

parents. *Id.* at 11. Under social security regulations, Yochanan's parents' resources in excess of $3,000 per month were deemed to be his resources for SSI eligibility purposes. *Id.* In each of those months, Yochanan's parents' bank accounts showed balances in excess of $5,000 after applicable deductions, rendering Yochanan ineligible for SSI benefits. *Id.* at 11–13. The Appeals Council determined that Yochanan was *not* ineligible for SSI payments due to excess resources for the months of April 2021, June 2021, July 2021, and September 2021. *Id.* at 13. It returned the case to the local field office to determine if Yochanan met the other SSI eligibility requirements and was eligible for payment for those months and for months beginning with October 2021. *Id.* at 13.

Plaintiff received the April 2, 2024 Decision on April 7, 2024. Dkt. No. 1 at 3. The April 2, 2024 Decision was accompanied by a letter which stated, in part:

**Time To File A Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

- You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) on your request. We will send you a letter telling you whether your request for more time has been granted.

Dkt. No. 12-2 at 2.

Plaintiff mailed his complaint to the Court on June 6, 2024. Dkt. No. 1 at 29. It was received on June 10, 2024. *Id.* Plaintiff asserts that the April 2, 2024 Decision was not supported by substantial evidence in the record and was based on legal error. Dkt. No. 1 ¶ 9.

2

Defendant filed this motion to dismiss the complaint or, in the alternative, for summary judgment on October 4, 2024. Dkt. No. 10. Defendant also filed a memorandum of law in support of the motion, Dkt. No. 11; a Rule 56.1 statement, Dkt. No. 12; the Declaration of Leslie Cowell, which also attaches the relevant decision by the administrative law judge and the Appeals Council, Dkt. No. 12; a notice pursuant to Local Rule 12.1 that Defendant has submitted additional written materials and thus that the Court may treat the motion as one for summary judgment, Dkt. No. 14; and a notice pursuant to Local Rule 56.2 advising Plaintiff that Defendant has moved for summary judgment and informing Plaintiff of his obligation to submit competing affidavits and/or documents contradicting the material facts asserted by the Defendant, Dkt. No. 15.

The Court granted Plaintiff an extension of time to file his opposition to the motion and advised him of the services of the Pro Se Law Clinic. Dkt. No. 18. On December 3, 2024, Plaintiff filed a response in opposition to the motion to dismiss. Dkt. No. 19. Defendant filed a reply memorandum in further support of the motion on January 28, 2025. Dkt. No. 21. On February 19, 2025, Plaintiff filed a sur-reply in further opposition to the motion. Dkt. No. 22.

## DISCUSSION

Defendant argues that the action is barred by the time limitation specified in the Social Security Act, *see* 42 U.S.C. § 405(g), or, in the alternative, should be dismissed because Yochanan is no longer a minor and therefore Plaintiff, who is not an attorney admitted to the bar of this Court, cannot represent him *pro se*. Dkt. No. 11.

I. **Plaintiff's Representation of Yochanan**

"The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654: 'In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes

3

therein.'" *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Thus, "[a] litigant in federal court has a right to act as his or her own counsel." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). *See generally O'Reilly v. New York Times Co.*, 692 F.2d 863, 867–70 (2d Cir. 1982). At the same time, however, "a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen*, 113 F.3d at 393.

The Second Circuit has held that a non-attorney parent who meets "basic standards of competence" and who has "a significant stake in the outcome of the litigation" may bring a *pro se* action on behalf of his child appealing an administrative denial of disability benefits. *See Machadio v. Apfel*, 276 F.3d 103, 106–07 (2d Cir. 2002); *see also Rios ex rel. J.C. v. Colvin*, 2014 WL 5285700, at *1 n.1 (S.D.N.Y. Oct. 16, 2014); *Evans ex rel. T.H. v. Astrue*, 2011 WL 1345159, at *1 n.4 (S.D.N.Y. Mar. 31, 2011). The rule represents a departure from the general principle that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung*, 906 F.2d at 61. In *Machadio*, the Second Circuit held that a parent could represent his minor child in appealing an adverse disability benefits determination. 276 F.3d at 107. The Second Circuit reasoned that "when an individual entitled to SSI benefits is under the age of 18, the Commissioner pays benefits to a 'representative payee[,]" *id.* at 106 (citing 20 C.F.R. § 416.610(b)), and "[t]he Commissioner's preferred choice of the 'representative payee' is the 'natural or adoptive parent who has custody of the beneficiary," *id.* (citing 20 C.F.R. § 416.621(b)(1)). In that circumstance, the interests of the minor child and the parent are "closely intertwined." *Id.* at 106; *see also Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (holding that "a non-attorney parent [is] permitted to sustain a *pro se* action on behalf of a minor child in SSI appeals").

Plaintiff has not established a right to bring this action on behalf of Yochanan and to represent him in prosecuting the suit. It is undisputed that Yochanan turned eighteen in October 2022 and is now over twenty years old. Dkt. No. 13 ¶ 2. He was born on October 29, 2004. Dkt. No. 12-3 at 4–6, 21–23, 34–36; Dkt. No. 19 at 1. Although Plaintiff asserts that he has incurred expenses for Yochanan and has a guardian application pending for him, Dkt. No. 19 at 1, Plaintiff does not contend that he has custody of his son or that he has assumed responsibility for Yochanan's care or that the benefits that would be paid to Yochanan, were he to prevail in this case, would be distributed to Yochanan through Plaintiff. Accordingly, the Court cannot conclude that Plaintiff's interests are currently "closely intertwined" with those of Yochanan such that Plaintiff personally has a significant stake in the outcome of this litigation. *See Bacon v. Soc. Sec. Admin.*, 2016 WL 10988738, at *2 (N.D. Ga. June 29, 2016) (denying parent's representation of adult child where parent "failed to attach any documents showing that she is the legal guardian of [the beneficiary], or that she is otherwise entitled to bring this action on behalf of [the beneficiary]").

## II.     Timeliness

Given that Plaintiff is not a proper party to this action, the Court may still give leave to amend the complaint to permit the substitution of Yochanan as named plaintiff. *See Daniels ex rel. Daniels v. Comm'r of Soc. Sec.*, 2010 WL 11507398, at *4 (E.D.N.Y. Oct. 12, 2010), *aff'd*, 456 F. App'x 40 (2d Cir. 2012) (summary order). The Court may also consider whether to request that *pro bono* counsel be appointed for Yochanan. *See Machadio*, 276 F.3d at 108. However, any such amendment would still require Yochanan to contend with the other reason asserted by Defendant for dismissal. *See Daniels*, 2010 WL 11507398, at *4.

Plaintiff's action appears to be untimely.[2]  Under the Social Security Act, any individual seeking review of a decision by the Commissioner of Social Security denying a claim for benefits must bring an action within sixty days after the individual receives the notice of such decision.  42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).  Specifically, Section 405(g) of Title 42 of the United States Code provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Section 405(h) further provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

"By regulation, the Commissioner presumes that a notice arrives five days after the date it bears and measures a claimant's time to file from that date."  *Miller v. Saul*, 2020 WL 5899520, at *2 (S.D.N.Y. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 4365284 (S.D.N.Y. July 30, 2020).  The Commissioner's regulation provides:

> Any civil action . . . must be instituted within 60 days after the Appeal Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . [T]he date of receipt of . . . notice of decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

---

[2] The statute of limitations argument is properly raised on the motion to dismiss here because the untimeliness is apparent from the face of the complaint. *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023).

6

20 C.F.R. § 422.210(c). "Absent an extension, therefore, a social security claimant 'has 65 days from the date of a final decision notice to file suit,' unless she can make a 'reasonable showing' that she did not receive the notice by the presumptive date of receipt." *Miller*, 2020 WL 5899520, at *2 (first quoting *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000), and then quoting *Liranzo v. Astrue*, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010)), *aff'd sub nom.*, *Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011)).

In this Circuit, a complaint is deemed filed and an action commenced when the complaint is received by the Clerk's Office for filing. *See Miller*, 2020 WL 5899520, at *4 (citing cases). The sixty-day limitations period is a "condition to the government's waiver of sovereign immunity" and thus is "strictly construed." *Liranzo*, 2010 WL 626791, at *1. Accordingly, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero v. Colvin*, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015).

Plaintiff's complaint on its face appears to be untimely. Plaintiff affirmatively alleges that he received the April 2, 2024 Decision no later than April 7, 2024, five days after the date of the decision. Dkt. No. 1 at 3. Therefore, Plaintiff had until June 6, 2024 to file his appeal. The appeal was mailed on June 6, 2024, but it was not received until June 10, 2024. *Id.* at 29. The date of filing was thus June 10, 2024. For that reason, the complaint appears to have been filed several days late. *See Chevres v. Kijakazi*, 2023 WL 2163210, at *5 (S.D.N.Y. Feb. 22, 2023). An untimely complaint will not require dismissal in the "rare" case that warrants equitable tolling. *Borrero*, 2015 WL 1262276, at *4 (citation omitted). The statute of limitations can be tolled where an extraordinary circumstance stood in the way of timely filing, such as when the government has engaged in misconduct or "where an SSI disability claimant fails to seek judicial

review in a timely manner because of mental impairment," *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir.), *aff'd on reh'g*, 947 F.2d 45 (2d Cir. 1991), or where an attorney misled an otherwise diligent claimant into believing that his attorney was representing him and would be timely filing an action, *see Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005). "Equitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area." *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (citation omitted). Nonetheless, "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Plaintiff offers no evidence that any extraordinary circumstance stood in his way to prevent his timely filing of this complaint. As pled, his complaint does not suggest that equitable tolling would be available. However, given Congress's intention of protecting claims in this area, *see State of New York v. Sullivan*, 906 F.2d at 917, the Court deems it appropriate to grant leave for an amended complaint to be filed naming Yochanan as plaintiff and alleging any facts that would overcome Defendant's argument that this action is time-barred.

## CONCLUSION

The complaint is DISMISSED WITHOUT PREJUDICE. Any amended complaint must be filed by Monday, November 3, 2025. In the absence of a filing within that time period, the Court will close this case.

The Clerk of Court is respectfully directed to close Dkt. No. 10.

SO ORDERED.

Dated: September 18, 2025
  New York, New York

LEWIS J. LIMAN
United States District Judge